UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of the MICHIGAN CARPENTERS
PENSION FUND, Trustees of the
MICHIGAN CARPENTERS' HEALTH
CARE FUND, Trustees of the MICHIGAN
STATEWIDE CARPENTERS AND
MILLWRIGHTS JOINT APPRENTICESHIP
AND TRAINING FUND and Trustees of the
MICHIGAN REGIONAL COUNCIL OF
CARPENTERS' ANNUITY FUND,

                          Plaintiffs,

                                              Case No.

v.
                                              Hon.

GOTTSTEIN CORPORATION,

                          Defendant.
_____

WATKINS, PAWLICK, CALATI & PRIFTI, PC
GEORGE H. KRUSZEWSKI (P25857)
HOPE L. CALATI (P54426)
Attorneys for Plaintiffs
1423 E. 12 Mile Road
Madison Heights, Michigan 48071
248-658-0800

## **COMPLAINT**

The above-named Plaintiffs, by and through their attorneys, WATKINS,

PAWLICK, CALATI & PRIFTI, PC, complaining against the above-named

Defendant, respectfully show unto this Court as follows:

1

1.    Plaintiffs Trustees of the MICHIGAN CARPENTERS PENSION FUND, the Trustees of the MICHIGAN CARPENTERS' HEALTH CARE FUND, the Trustees of the MICHIGAN STATEWIDE CARPENTERS AND MILLWRIGHTS JOINT APPRENTICESHIP AND TRAINING FUND and the Trustees of the MICHIGAN REGIONAL COUNCIL OF CARPENTERS' COUNCIL ANNUITY FUND (collectively, "Funds"), are the Trustees of those Funds, respectively, which were established through collective bargaining, are maintained and administered pursuant to Section 302 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 USC §185, *et seq.*, and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 USC §1001, *et seq.*, and maintain their principal offices in the City of Lansing, County of Ingham, State of Michigan.

2.    Defendant GOTTSTEIN CORPORATION is a Michigan corporation doing business in an industry affecting commerce within the meaning of 29 USC §142 and §185 and 29 USC §1002(5) and (12). Its principal place of business is in Hazle Township,  County of Luzerne, State of Pennsylvania.

3.    Jurisdiction of this Court is predicated on Section 301 of LMRA, 29 USC §185, and Sections 502(a)(2) and 515 of ERISA, 29 USC §1132(a)(2) and §1145, this being a suit for breach of the fringe benefit provisions of collective

bargaining agreements ("Agreements") entered into by Michigan Regional Council of Carpenters, an unincorporated labor organization representing employees in an industry affecting commerce within the meaning of 29 USC §142 and §185 and 29 USC §1002(12), to which to which Defendant, as an employer, is bound.

4.     Venue of the United States District Court for the Western District of Michigan, Southern Division, is appropriate pursuant to Section 502(e)(2) of ERISA, 29 USC §1132(e)(2), the district in which Plaintiffs have their principal place of business.

5.     Defendant is bound by the Agreements, copies of which are in Defendant's possession.

6.     Defendant also is, and has been, bound by the terms of the applicable trust agreements establishing the Funds incorporated by reference in the Agreements.

7.     Under the terms of the Agreements, Defendant became obligated to make contributions to the Plaintiffs with respect to covered work performed by and wages paid to employees of Defendant, and to submit its books and records to Plaintiffs for periodic inspection and audit.

8.     A revised payroll audit billing for the period of January 2018 through December 2022 set forth an indebtedness of $110,723.08 consisting of $99,961.29

in unpaid contributions, $10,009.54 in liquidated damages arising from audit (audit assessments), and $1,022.00 in cost of audit.

9.      Defendant agreed that it is indebted to the Funds and agreed to a payment plan. Defendant failed to make any payments under the payment plan when the first payment was returned for insufficient funds, and did not cure that failure, resulting in a default under the payment plan.

WHEREFORE, plaintiffs request that this Court enter judgment in their favor and against Defendant as follows:

A.      Adjudicating that Defendant entered into, adopted, or assumed the Agreements and that pursuant to such Agreements and applicable law, Defendant was obligated to make fringe benefit contributions to Plaintiffs;

B.      Adjudicating that Defendant is contractually obligated to Plaintiffs for the period from (at the latest) January 2014 to the present;

C.      Ordering Defendant to specifically perform all of the fringe benefit provisions of the Agreements;

D.      Awarding Plaintiffs for the benefit of the Funds of $110,723.08 consisting of $99,961.29 in unpaid contributions, $10,009.54 in liquidated damages arising from audit (audit assessments), and $1,022.00 in cost of audit, plus all costs, liquidated damages, interest, and attorneys' fees incurred in bringing

and prosecuting this present action and all additional amounts to which Plaintiffs are entitled pursuant to Section 502(g)(2) of ERISA, 29 USC §1132(g)(2), and Plaintiffs' plan documents;

E.  Retaining jurisdiction of the case pending compliance with the Court's orders; and

F.  Granting Plaintiffs any and all other relief (including injunctive and equitable relief) to which they might be entitled in equity and good conscience.

Respectfully submitted,

WATKINS, PAWLICK,
CALATI & PRIFTI, PC

By:   s/ Hope L. Calati
      HOPE L. CALATI (P54426)
      Attorney for Plaintiffs
      1423 E. Twelve Mile Road
      Madison Heights, Michigan 48071
      (248) 658-0800
      hcalati@wpcplaw.com

Dated: April 8, 2026